IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLEO WESTERFIELD,

    Plaintiff,                       No. CIV S-02-2621 MCE GGH P

    vs.

DR. PENNER, et al.,

    Defendants.                <u>ORDER</u>

_____/

        By Order filed on October 12, 2005, plaintiff was instructed, within fifteen days, to *serve* a copy of his unserved October 5, 2005 objections/opposition to defendants' September 23, 2005 motion for summary judgment with supporting documents upon counsel for defendants and to *file* proper proof of said service. Instead, on October 26, 2005, plaintiff once again filed his opposition <u>without</u> filing proper proof of service which would demonstrate to the court that the relevant documents had been served upon defendants.

        In the court's prior order, plaintiff was advised as to how to effect proper service and of the requirements of Fed. R. Civ. P. 5 and Local Rule 5-135(b) and (c).

        It was also noted in the October 12, 2005 order that plaintiff had previously been cautioned with regard to his failure to demonstrate proper proof of service of his filings and the court therein ordered a July 26, 2005 [#88] filing stricken from the record because plaintiff had

1  been cautioned (see Order filed on August 4, 2005) that failure to provide the requisite proof of
2  service to the court would result in the unserved document being disregarded by the court and
3  plaintiff had failed to provide such proof.
4          Because plaintiff appears to have made a good faith effort to comply with the
5  court's October 12, 2005 order, the court will not at this time strike his opposition to defendants'
6  September 23, 2005 motion for summary judgment, even though plaintiff was cautioned as
7  follows with emphasis added therein that:

> *[F]ailure to comply with this order could result in his opposition to defendants' September 23, 2005 motion for summary judgment, filed on the October 5, 2005, being wholly disregarded and may result in the imposition of additional sanctions. Plaintiff's failure to serve any documents subsequently filed in this action properly, and failure to include a proper certificate of service with such filing, will result in a recommendation that this action be dismissed.*

13  See Order, filed on October 12, 2005, p. 2.
14          The court will allow plaintiff one final opportunity to file with the court proof that
15  he has served his October 5, 2005 opposition upon defendants. He is to file with the court,
16  within fifteen days, only a proof of service and not the opposition itself. The proof of service
17  must make clear that he has served upon defendants his October 5, 2005 opposition.
18          Accordingly, IT IS ORDERED that:
19          1. Plaintiff is granted fifteen days from the filed date of this order to serve upon
20  defendants his entire October 5, 2005 opposition and related documents, and to file in this court
21  *only* the certificate or proof of service demonstrating that he has done so;
22          2. Failure to comply with this order will result in his opposition being wholly
23  disregarded, or stricken, by this court. If the opposition is stricken, plaintiff will be deemed to
24  have waived opposition to the motion, which is likely to result in a recommendation that
25  judgment be entered for defendants.
26  \\\\\

3.  Plaintiff's failure to serve any documents subsequently filed in this action properly, and failure to include a proper certificate of service with such filing, *showing that plaintiff has served the document upon defendants*, will result in a recommendation that this action be dismissed.

DATED: 10/31/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
west2621.35(3)