IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLEO WESTERFIELD,

      Plaintiff,                          No. CIV S-02-2621 MCE GGH P

    vs.

DR. PENNER, et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. On September 18, 2006, judgment was entered for defendants. Thereafter, plaintiff timely filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).[1] Under Rule 59(e), a motion to alter or amend a judgment must be filed within ten days following entry of judgment.[2] Pursuant to the mailbox rule, the motion was filed on September 29, 2006. Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988); Koch v. Ricketts, 68 F.3d 1191 (9th Cir. 1995). The court did not rule on plaintiff's motion before plaintiff appealed to the

---

[1] The motion was noted as filed in the court's docket on October 3, 2006.

[2] Under Fed. R. Civ. P. 6(a), weekends and legal holidays are excluded in computing the appropriate filing deadline when the time for filing is a period of less than 11 days. (Moreover, under Fed. R. Civ. P. 6(e), three days are added to the date on which the deadline expires). In this case, whether the mailbox rule is applied or or not, the filing was timely.

1

Ninth Circuit on February 15, 2007.  Defendants did not file any opposition to plaintiff's motion until April 24, 2007; therefore, the court may disregard it.

Although plaintiff has apparently made an effort to appeal this matter, because plaintiff's Rule 59(e) motion was filed timely, the district court has not yet lost jurisdiction of this matter.  Browder v. Dir. Dep't. of Corr. of Ill., 434 U.S. 257, 263 n. 7, 98 S. Ct. 556 (1978).[3] Moreover, this court takes judicial notice of the Ninth Circuit's electronic docket (through PACER) of this case on appeal, Case No. 07-15406.[4]  In an entry dated 4/13/07, the appellate court notes the time to file an appeal runs from the entry of an order disposing of, inter alia, a timely filed Rule 59 motion to alter or amend the judgment.  Fed. R. App. P. 4(A)(iv).  Thus, plaintiff's putative appeal to the Ninth Circuit prior to ruling on the instant pending motion was premature.

Under Rule 59(e), a motion to alter or amend a judgment applies to "[a]ny motion to alter or amend a judgment" and is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Circuit City Stores, Inc. v. Manto, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005), quoting, Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Plaintiff seeks to submit new evidence of events that transpired after judgment was entered in this matter.

Plaintiff states that he received a copy of the September 18, 2006, judgment on September 28, 2006, some five days after he suffered a massive heart attack (on September 23,

---

[3] Moreover, this court takes judicial notice of the Ninth Circuit's electronic docket (through PACER) of this case on appeal, Case No. 07-15406. (Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)).  In an entry dated 4/13/07, the appellate court notes the time to file an appeal runs from the entry of an order disposing of, inter alia, a timely filed Rule 59 motion to alter or amend the judgment.  Fed. R. App. P. 4(A)(iv).

[4] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1  2006). Plaintiff maintains that the evidence he submits with his motion belies the defendants'
2  representations that his heart was healthy. Plaintiff contends that he has been proven correct that
3  he had had an infarct, that he was in danger of suffering a heart attack, and that he now has a
4  stent as a result of his post-judgment heart attack. Plaintiff believes that defendants have
5  attempted to deceive the court and that his September 23, 2006, heart attack which occurred as
6  plaintiff participated in a football game is proof that the chest pains from which he has suffered
7  were beyond normal hypertension.

8  Plaintiff refers to two angiograms, one taken on 2/15/03, the second taken at the
9  University of California, Davis Medical Center (UCD Med), on 8/25/06. Plaintiff states that a
10 third angiogram, performed at Mercy San Juan Hospital, apparently on 9/23/06, showed that the
11 right femoral artery was 100% blocked, although the angiogram at UCD Med had indicated that
12 there was nothing wrong with plaintiff's heart. Plaintiff includes unauthenticated exhibits, that
13 appear to be copies of his medical records. Among these is a report stamped UC Davis Health
14 System, apparently authored by a Dr. Jeffrey Allen Southard (not a defendant in the underlying
15 action), who describes the tests performed on plaintiff as well as the results on 8/25/06, and sets
16 forth, inter alia, the following assessment:

> The patient has non-significant coronary artery disease based on
> angiography. Aggressive medical therapy is needed to prevent the
> progression of his artherosclerotic disease at the present time.
> Patient to continue with aggressive medical therapy and will be
> following up in prison from whence he came.

20 Exhibit D to Motion, pp. 21-22.

21 The report concludes that plaintiff may see another physician from the
22 Cardiovascular Consultation Clinic at UCD Med. Plaintiff includes old exhibits, in the forms of
23 graphs, diagrams and charts from 2001, 2002 and 2003, which he states show that plaintiff had
24 an anterior infarct several years before his heart attack. These exhibits, not explained by way of
25 \\\\\
26 \\\\\

3

any expert declaration, are not significant new evidence,[5] since in adjudicating the defendants' motion for summary judgment, the court noted the existence of some evidence that there had been earlier heart wall damage. Plaintiff also includes exhibits in the form of graphs and charts and information regarding stents but without any declaration by a cardiologist or other physician who has the medical expertise to explain what happened on 9/23/06, and precisely how plaintiff was treated, how the findings of 8/25/06 relate to plaintiff's condition or could or should have forecast what was to happen less than thirty days hence. The evidence that plaintiff submits with regard to having experienced a recent severe heart attack, which the court will credit notwithstanding the absence of authentication of records or any expert declaration, simply does not demonstrate that the attack occurred as the result of any deliberate indifference on the part of defendants. Plaintiff's exhibits do not show that the heart attack was caused by any delay in defendants' treatment of his medical condition nor how any tests evaluating his condition conducted as late as a month prior to the heart attack could have prevented what occurred.

Accordingly, IT IS RECOMMENDED that plaintiff's motion to alter or amend the motion, pursuant to Rule 59(e), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

\\\\\
\\\\\
\\\\\
\\\\\

---

[5] Nor, if they were not submitted as part of his opposition to defendants' motion for summary judgment, does plaintiff adequately explain why he could not have done so at the appropriate time.

4

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/3/07

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
west2621.59e